United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60996
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

$2,254 IN UNITED STATES CURRENCY,

Defendant,

CHARLIE GAVIN,

Claimant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:00-CV-12
--------------------

Before KING, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM:[*]

Charles Gavin, federal prisoner # 10867-042, appeals from the denial of his FED. R. CIV. P. 60(b)(4) motion seeking to void the civil forfeiture of $2,254 in United States currency pursuant to 21 U.S.C. § 881(a)(6). We review the district court's ruling on a FED. R. CIV. P. 60(b)(4) motion de novo. Carter v. Fenner, 136 F.3d 1000, 1005 (5th Cir. 1998).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gavin argues pursuant to <u>United States v. James Daniel Good Real Property</u>, 510 U.S. 43 (1993), that he was denied the predeprivation safeguards of notice and a hearing in violation of his due process rights.

<u>Good</u> is inapposite, however, because it dealt only with the seizure of real property.  510 U.S. at 53; <u>cf.</u> <u>Calero-Toledo v. Pearson Yacht Leasing Co.</u>, 416 U.S. 663, 679 (1974).  The civil forfeiture of currency is authorized by 19 U.S.C. § 1607(a). <u>United States v. Kadonsky</u>, 216 F.3d 499, 503 (5th Cir. 2000). The record reveals that the Government satisfied the notice requirements of § 1607(a) when it published notification of the forfeiture in the local newspaper and personally served Gavin with the complaint for forfeiture.  Gavin's allegation that the record was devoid of such evidence is unsubstantiated.

AFFIRMED.